United States Courts Southern District of Texas
FILED
*11/12/2021*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff § <br> § <br> v. § <br> § <br> MARIA DENISE SOUTHALL-SHAW, § <br> aka Maria Shaw, § <br> Defendant § | CRIMINAL NO. **4:21-cr-541** <br><br> Count 1 (Wire Fraud, <br> 18 U.S.C. § 1343) <br> Notice of Forfeiture |

## INFORMATION

THE UNITED STATES CHARGES:

### Count One
(Wire Fraud, 18 U.S.C. § 1343)

A. **INTRODUCTION**

AT ALL TIMES MATERIAL HEREIN:

1. FirstService Residential is the largest property management company in North America and it managed Shadow Creek Ranch ("SCR").

2. SCR is a 3500-acre master planned community, located in Pearland, Texas.

3. **Maria Denise Southall-Shaw, aka Maria Shaw**, defendant herein, was employed as the Director of South Division at FirstService Residential and managed SCR.

4. Shawdashian Group LLC ("Shawdashian") was a business owned operated by Defendant in Houston, Texas.

5. Eagle Digital Press ("EDP") was a vendor of SCR located in Katy, Texas.

B. THE SCHEME AND ARTIFICE

6. From in or about December 2013, and continuing through in or about November 2017, in the Houston Division of the Southern District of Texas and elsewhere,

**MARIA DENISE SOUTHALL-SHAW, aka Maria Shaw,**

defendant herein, did knowingly execute and attempt to execute a scheme and artifice to defraud, including the intangible right of honest services, and to obtain moneys and property by means of material false and fraudulent pretenses, representations and promises, including the concealment of material facts.

C. THE METHOD AND MEANS OF THE SCHEME AND ARTIFICE

7. The scheme and artifice consisted essentially of a plan by Defendant to approve vendor charges for services and goods intended for SCR, which were not provided, and then receive a kickback from the vendor after the vendor's payment by SCR and then concealing those unauthorized charges by falsely representing them to be business expenses of SCR.

8. It was a part of the scheme and artifice that the Defendant would and did cause EDP to charge SCR for goods and services, which Defendant knew the vendor had not been provided to SCR by EDP.

9. It was part of the scheme and artifice that the Defendant would and did cause the vendor to kickback to Defendant approximately 50% of the payment EDP received from SCR for the goods and services which were not provided to SCR by EDP.

10. It was part of the scheme and artifice to defraud that the Defendant would and did fraudulently obtain $421,519.00 in kickbacks paid to Shawdashian by EDP, which Defendant used for her own personal use and benefit.

D. <u>EXECUTION OF THE SCHEME AND ARTIFICE</u>

11. On or about November 22, 2016, in the Southern District of Texas, and elsewhere, defendant

**MARIA DENISE SOUTHALL-SHAW, aka Maria Shaw**

for the purposes of executing the aforesaid scheme and artifice to defraud, including the intangible right to honest services, and intending to do so, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, including the concealment of material facts, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate commerce writings, signs, signals, pictures and sounds, namely an email from Defendant to EDP.

In violation of Title 18, United States Code, Sections 1343 and 1346.

## NOTICE OF FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice to defendant

**MARIA DENISE SOUTHALL-SHAW, aka Maria Shaw**

that upon conviction for wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count 1 of the criminal Information, all property which constitutes or is derived from proceeds traceable to such violation shall be forfeited to the United States.

### Money Judgment

Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

Defendant is notified that in the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to

forfeit any other property of the defendant up to the total value of the property subject to forfeiture.

        JENNIFER B. LOWERY
        ACTING UNITED STATES ATORNEY

By: *[signature]*
        JOHN R. BRADDOCK
        Assistant United States Attorney
        1000 Louisiana Street, Suite 2300
        Houston, Texas 77002
        713-567-9728